IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-00003-REB-CBS

DIANE CARPENTER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) **Defendant Allstate's Motion for Summary Judgment Based on the Statute of Limitations, or, Alternatively, Plaintiff's Prior Bankruptcy** [#26], filed July 10, 2007; (2) **Defendant Allstate's Motion To Strike Plaintiff's Untimely Response to Allstate's Motion for Summary Judgment Based on the Statute of Limitations, or, Alternatively, Plaintiff's Prior Bankruptcy** [#31], filed August 3, 2007; (3) **Defendant Allstate's Second Motion for Summary Judgment** [#29], filed August 3, 2007; (4) **Defendant Allstate's Motion To Strike Plaintiff's Untimely Response to Allstate's Second Motion for Summary Judgment** [#40], filed September 5, 2007; (5) **Plaintiff's Motion for Partial Summary Judgment** [#32], filed August 3, 2007; and (6) **Defendant Allstate's Motion To Strike Plaintiff's Untimely Reply in Support of Her Motion for Partial Summary Judgment** [#44], filed October 8, 2007. I grant defendant's motion for summary judgment on statute of

limitations grounds, deny as moot the remaining summary judgment motions and motions to strike, and dismiss this case.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts

2

to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518.[1] All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III. ANALYSIS

On September 22, 1998, plaintiff was injured in an auto accident. Plaintiff became entitled to basic PIP benefits under a policy of insurance issued by defendant to the driver of the car in which plaintiff was a passenger at the time of the accident. Plaintiff received lost wage benefits under the policy from October, 1998, through December, 1999. Plaintiff retained her current counsel in 2003. This lawsuit was commenced on November 17, 2006. Plaintiff alleges that defendant failed to offer its insured enhanced PIP benefits, as required by the now-defunct No-Fault Act.

Under Colorado law, which governs in this diversity action, **Erie R. Co. v. Tompkins**, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), plaintiff's claims

---

[1] However, the fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper. **See Atlantic Richfield Co. v. Farm Credit Bank of Wichita**, 226 F.3d 1138, 1148 (10th Cir. 2000); **James Barlow Family Ltd. Partnership v. David M. Munson, Inc.**, 132 F.3d 1316, 1319 (10th Cir. 1997); **see also Buell Cabinet Co. v. Sudduth**, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

for declaratory judgment, breach of contract, bad faith, and reformation of the policy of insurance are all subject to a three-year statute of limitations. **See** §13-80-101(1)(j), C.R.S. A cause of action under the No-Fault Act accrues when the injured party "knew or should have known that [the insurer] had not offered him extended PIP benefits." ***Nelson v. State Farm Mutual Ins. Co.***, 419 F.3d 1117, 1121 (10th Cir. 2005). It is undisputed that plaintiff stopped receiving lost wage benefits under the policy in December, 1999. The law of this circuit is clear that the cessation of such payments triggers accrual of the statute of limitations. ***Id.*** (injured party is charged with knowledge "at least by the last date he was paid loss-of-wage benefits under the basic, limited PIP policy that [the insurer] had not offered him extended benefits"). **See also *Sanford v. Allstate Indemnity Co.***, 2006 WL 3262840 at *6-*8 (D. Colo. Nov. 9, 2006 (applying ***Nelson*** to case in which plaintiff was not a party to the contract of insurance under which benefits were paid); ***Colby v. Progressive Casualty Insurance Co.***, 2006 WL 1816448 at *2 (D. Colo. June 30, 2006) (same).[2] The three-year statute of limitations thus began to accrue no later than December, 1999. This case was filed November 17, 2006, more than three years after that date and thus beyond the statute of limitations.[3]

Nor are plaintiff's claims saved by tolling related to her status as a member of a

---

[2] Moreover, on September 15, 2000, plaintiff made a written demand of defendant for unpaid medical bills, wherein she stated that "I have discussed filing a lawsuit in this matter and am aware of the fact [that] I have until September 22, 2001, to do so." This admission clearly evidences plaintiff's understanding that the time to file a lawsuit was limited and, more specifically, undermines plaintiff's assertion that she did not know she had a cause of action until 2003.

[3] Plaintiff's argument that the statute of limitations is not applicable to her equitable reformation claim also is clearly contrary to the law of this circuit. **See *Nelson***, 419 F.3d at 1120.

4

putative class in a state court class action lawsuit against defendant. ***See American Pipe and Construction Co. v. Utah***, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). By the time that action was filed, on January 8, 2002, just over two years had elapsed since plaintiff's claims began to accrue. Plaintiff did not file the instant lawsuit until November 17, 2006, more than two years after class certification was denied on November 2, 2004. ***See Crown, Cork & Seal Co., Inc. v. Parker***, 462 U.S. 345, 354, 103 S.Ct. 2392, 2397-98, 76 L.Ed.2d 628 (1983) ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."). Thus, even with the benefit of equitable tolling, plaintiff filed this lawsuit more than three years after the statute of limitations expired. Accordingly, her claims are time-barred.[4]

My determination on this issue pretermits consideration of the other issues raised by the apposite motions.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Allstate's Motion for Summary Judgment Based on the**

---

[4] Whether the bankruptcy trustee chooses to intervene in this lawsuit does not alter my conclusion, as the trustee's rights in this regard will be no greater than plaintiff's. ***See In re MS55, Inc.***, 2005 WL 5780233 at *9 (D. Colo. Aug. 4, 2005) ("When asserting rights of action against another, the bankruptcy trustee has no greater rights than debtor has.") (citation and internal quotation marks omitted), ***aff'd*** 477 F.3d 1131 (10th Cir. 2007).

**Statute of Limitations, or, Alternatively, Plaintiff's Prior Bankruptcy** [#26], filed July 10, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

 2. That the motion is **GRANTED** insofar as it seeks dismissal of plaintiff's claims on statute of limitations grounds;

 3. That in all other respects, the motion is **DENIED**;

 4. That **Defendant Allstate's Motion To Strike Plaintiff's Untimely Response to Allstate's Motion for Summary Judgment Based on the Statute of Limitations, or, Alternatively, Plaintiff's Prior Bankruptcy** [#31], filed August 3, 2007, is **DENIED AS MOOT**;

 5. That **Defendant Allstate's Second Motion for Summary Judgment** [#29], filed August 3, 2007, is **DENIED AS MOOT**;

 6. That **Defendant Allstate's Motion To Strike Plaintiff's Untimely Response to Allstate's Second Motion for Summary Judgment** [#40], filed September 5, 2007, is **DENIED AS MOOT**;

 7. That **Plaintiff's Motion for Partial Summary Judgment** [#32], filed August 3, 2007, is **DENIED AS MOOT**;

 8. That **Defendant Allstate's Motion To Strike Plaintiff's Untimely Reply in Support of Her Motion for Partial Summary Judgment** [#44], filed October 8, 2007, is **DENIED AS MOOT**;

 9. That plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE**;

 10. That judgment **SHALL ENTER** for defendant, Allstate Insurance Company,

against plaintiff, Diane Carpenter, as to all claims and causes of action; and

11. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 28, 2008, at Denver, Colorado.

**BY THE COURT:**

<u>s/Robert E. Blackburn</u>
**Robert E. Blackburn**
**United States District Judge**